IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY ANN ADKISSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 12-CV-0349-CVE-PJC |
| RICKEY MOHAM, Warden, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing pro se, wrote a letter to the undersigned (Dkt. # 7) addressing the arguments raised in the motion to dismiss. The letter was docketed as Petitioner's response to the motion to dismiss. See Dkt. # 7. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

As a preliminary matter, the Court notes that in the brief in support of the motion to dismiss, see Dkt. # 6, counsel for Respondent states that the proper respondent in this action is the state officer having custody of Petitioner. The Court agrees. Petitioner is incarcerated at Mabel Bassett Correctional Center where Rickey Moham is Warden. Therefore, Rickey Moham, Warden, is the proper party Respondent. The Clerk of Court shall be directed to substitute Rickey Moham, Warden, in place of the State of Oklahoma as party respondent.

## BACKGROUND

Petitioner challenges her convictions entered in Tulsa County District Court, Case No. CF-2009-2202. See Dkt. # 1. The record reflects that on March 1, 2010, the state district judge found Petitioner guilty after accepting her Alford[1] pleas to Unlawful Possession of a Controlled Drug (Count 1), and Unlawful Possession of Drug Paraphernalia (Count 2). See Dkt. # 6, Ex. 2. Counts 3-7 were dismissed. Id. She was sentenced that day to four (4) years imprisonment and a fine of $100.00 on Count 1, and a fine of $50.00 on Count 2. Id.

On March 9, 2010, Petitioner filed a timely motion to withdraw plea of guilty. Id. On April 20, 2010, the trial judge held a hearing and denied Petitioner's motion to withdraw plea. Id. Petitioner then perfected a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Id. In an unpublished summary opinion, filed December 9, 2010, in Case No. C-2010-415, the OCCA denied the petition for a writ of certiorari and affirmed the Judgment and Sentence of the district court. See Dkt. # 6, Ex. 1.

On March 31, 2011, Petitioner filed an application for post-conviction relief. See Dkt. # 6, Ex. 2. The state district court denied the application by order filed May 24, 2011. See id. On June 15, 2011, Petitioner filed a petition in error with the Clerk of the OCCA. See id., Ex. 3. By order filed July 1, 2011, in Case No. PC-2011-0523, the OCCA declined appellate jurisdiction and dismissed the post-conviction appeal based on Petitioner's failure to attach a certified copy of the district court order denying the request for relief as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals. See id., Ex. 4.

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970) (providing procedure for entry of a plea of guilty while maintaining innocence).

The Court's records reveal that on January 3, 2011, in N.D. Okla. Case No. 11-CV-003-CVE-PJC, Petitioner filed a petition for writ of habeas corpus challenging her convictions entered in Tulsa County District Court, Case No. CF-2009-2202. In an Opinion and Order filed May 5, 2011, the Court dismissed that petition without prejudice for failure to exhaust available state remedies. Petitioner was admonished that should she fail to obtain relief from the state courts, she would have to file her new federal petition within the time remaining in her one-year limitations period imposed by 28 U.S.C. § 2244(d). In addition, the Court cited Duncan v. Walker, 533 U.S. 167 (2001), and specifically advised Petitioner that the one-year period was not tolled during the pendency of that first federal habeas action.

Petitioner filed the instant federal petition for writ of habeas corpus (Dkt. # 1) on June 20, 2012. Petitioner signed her petition on June 13, 2012. However, she did not complete the certificate of mailing. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 5 and 6.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed her petition for writ of habeas corpus after expiration of the one-year limitations period. Petitioner's conviction became final on March 9, 2011, after the OCCA concluded certiorari review on December 9, 2010, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, her one-year limitations clock began to run on March 10, 2011. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after March 10, 2012, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed on June 20, 2012. Unless Petitioner is entitled to statutory or equitable tolling, her petition is untimely.

Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). On March 31, 2011, or prior to expiration of the limitations period, Petitioner filed an application for post-conviction relief. The state district court's order denying the application was filed of record on May 24, 2011. Petitioner attempted to perfect a post-conviction appeal. However, the OCCA declined jurisdiction and dismissed the appeal based on Petitioner's failure to comply with procedural rules. Therefore,

the post-conviction appeal was not "properly filed," as required under 28 U.S.C. § 2244(d)(2). Petitioner is entitled to tolling for the thirty (30) days after entry of the state district court's order, or until June 23, 2011, when she could have filed a post-conviction appeal in compliance with the state court's procedural rules. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought a timely appeal under state law). Thus, she is entitled to tolling of the limitations period from March 31, 2011, when she filed her application in state district court, through June 23, 2011, or for a total of 84 days. Petitioner's deadline for filing her federal habeas corpus petition was 84 days beyond March 10, 2012, or on June 2, 2012. Since June 2, 2012, was a Saturday, Petitioner's final deadline was Monday, June 4, 2012. Petitioner did not file her petition until June 20, 2012, or more than two (2) weeks beyond the deadline.

The Court recognizes that, in response to the motion to dismiss, Petitioner mentions her prior federal habeas petition as providing a basis for tolling of the one-year limitations period. See Dkt. # 7. However, as Petitioner was advised in her prior habeas case, the Supreme Court has ruled that a pending federal habeas corpus petition does not serve to toll the one-year limitations period under § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001). Therefore, Petitioner is not entitled to tolling for the period during which her first federal habeas petition was pending. Id. at 181-82; see also Allen v. Clements, 467 Fed. Appx. 784, 786 (10th Cir. March 12, 2012) (unpublished).[2] As a result, without additional tolling, this action appears to be untimely.

---

[2]This and any other unpublished decision are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

In response to the motion to dismiss, Petitioner makes arguments supporting equitable tolling. See Dkt. # 7. First, she alleges that her petition was untimely filed because the staff at her facility restricted her access to paperwork and placed her in solitary confinement. She explains she was in the segregated housing unit (SHU) of her facility from February 23, 2012 through May 8, 2012. She also claims, without any factual support, that "the cases in the Tulsa World about the other cases being overturned and set free on that Grand Jury investigation are similar to mine." See id.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that she pursued his claims diligently; nor has she met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's conclusory claim that she has had only limited access to legal materials and was placed in SHU at her facility do not justify equitable tolling. See Miller, 141 F.3d

at 978 (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); Garcia v. Hatch, 343 Fed. Appx. 316, 318 (10th Cir. 2009) (unpublished) (same). Nor has Petitioner explained how restrictions on her access to legal materials impeded her ability to file a timely habeas petition. Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner); United States v. Martinez, 303 Fed. Appx. 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner). "Simple excusable neglect"--including neglect based on "a claim of insufficient access to relevant law"--"is not sufficient." Gibson, 232 F.3d at 808. Petitioner is not entitled to equitable tolling based on her conclusory allegations regarding restricted access to legal materials.

In addition, Petitioner's conclusory allegation that her case is similar to the "Grand Jury investigation"[3] does not entitle her to equitable tolling. Petitioner claims that the police officers involved in her arrest lied and that she is innocent of the crimes to which she entered an Alford plea.

---

[3] Petitioner may be referencing the federal investigation of corruption within the Tulsa Police Department. The Tulsa World began reporting that several police officers were part of a federal investigation related to police corruption on November 8, 2009. As a result of that investigation criminal charges were filed against Police Officers Nick DeBruin, Harold Wells, Bruce Bonham, Jeff Henderson, and William Yelton. The trials took place in May and August 2011. Petitioner identifies Officers Dosser, Jones, and Embrey as being involved in her arrest. Those officers were not part of the federal investigation into corruption within the Tulsa Police Department.

See Dkt. # 1. Where a petitioner presents the truly exceptional case in which he is actually innocent, federal courts allow for an "exception to [the] procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010). In other words, when a habeas petitioner is seeking equitable tolling on actual innocence grounds, he need not "demonstrate that he diligently pursued his actual innocence claim." Id. at 1231. But he must articulate a "colorable claim of factual innocence"; that is, he must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 322, 324 (1995); see also, e.g., Cramer v. Utah, 431 Fed. Appx. 767, 770 (10th Cir. 2011) (unpublished) ("Although actual innocence can overcome procedural default, the district court correctly observed that actual innocence must be shown by newly available evidence and that [petitioner's] showing is wholly inadequate." (citation omitted)); Weibley, 50 Fed. Appx. at 403 (determining that petitioner's actual innocence argument "fail[ed] because he d[id] not make a colorable claim of actual innocence. [Petitioner] makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling."). Under this rigorous standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence." Schlup, 513 U.S. at 327.  In this case, Petitioner makes only a bald reference to a "Grand Jury investigation," see Dkt. # 7, without providing any supporting facts or citations to legal authorities. She provides no new evidence supporting her claim of innocence. Therefore, she has failed to demonstrate entitlement to equitable tolling based on a claim of actual innocence.

*CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall **substitute** Rickey Moham, Warden, in place of the State of Oklahoma as party respondent.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4. A separate Judgment shall be entered in this case.

5. A certificate of appealability is **denied**.

**DATED** this 13th day of December, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE